UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARLENE GASPAR,<br><br>  Plaintiff,<br><br>  vs.<br><br>WACHOVIA BANK, DOE CORPORATIONS 1-10, DOES 1-10,<br><br>  Defendants. | Case No:  C 10-3597 SBA<br><br>**ORDER TO SHOW CAUSE** |

## I.   FACTUAL BACKGROUND

On May 24, 2010, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of the State of California, County of Alameda, bringing the following claims against Defendant Wachovia Bank ("Defendant") arising from Plaintiff's refinancing of her home mortgage with Defendant: (1) violation of the duties of good faith and fair dealing; (2) violation of California Civil Code § 2923.5(c)(1); (3) violation of California Civil Code § 2923.6; (4) unconscionability, predatory lending, in violation of California Business and Professions Code § 17200; (5) misrepresentation and fraud, in violation of California Business and Professions Code § 17500; (6) unjust enrichment; and (7) infliction of emotional distress. Dkt. 1, Ex. A.  Plaintiff seeks the following relief: a loan modification according to her financial situation; actual and punitive damages; and attorney's fees and costs.  Id.  Plaintiff does not specify the amount of recovery she is seeking.  Rather, she simply indicates that her demand exceeds $25,000.  Id., Ex. B.

On August 16, 2010, Defendant removed this action based on federal question jurisdiction, and alternatively, on diversity jurisdiction.  Dkt. 1 at 1-2.  Specifically, Defendant asserted that Plaintiff's factual allegations regarding Defendant's violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(f), give rise to federal question jurisdiction under 28

1  U.S.C. § 1331. Id. at 3.  Also, Defendant asserted that the Court has jurisdiction under 28
2  U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.
3  Id. at 2.  With respect to the amount in controversy, Defendant argued that it exceeds $75,000
4  because Plaintiff alleges that the amount of her refinance loan was almost the same as the
5  amount of her original loan, which was $740,000, according to the Deed of Trust Defendant
6  attached to its notice of removal.  Id.

7  **II.    ANALYSIS**

8      **A.    FEDERAL QUESTION JURISDICTION**

9      Under 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions
10 arising under the Constitution, laws, or treaties of the United States."  Thus, "[f]ederal courts
11 are courts of limited jurisdiction.  They possess only that power authorized by Constitution and
12 statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Ins. Co.
13 of Am., 511 U.S. 375, 377 (1994).  It is "presume[d] that federal courts lack jurisdiction unless
14 the contrary appears affirmatively from the record …."  DaimlerChrysler Corp. v. Cuno, 547
15 U.S. 332, 342 n.3 (2006).  Where the "law that creates the cause of action is state law,"
16 "original federal jurisdiction is unavailable unless it appears that some substantial, disputed
17 question of federal law is a necessary element of one of the well-pleaded state claims, or that
18 one or the other claim is 'really' one of federal law."  Franchise Tax Bd. of State of Cal. v.
19 Const. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see also Berg v. Leason, 32
20 F.3d 422, 425 (9th Cir. 1994) ("[a] suit arises under the law that creates the cause of action.")
21 (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

22     Here, Plaintiff does not state a TILA claim or any other federal cause of action.  Rather,
23 in her factual allegations, she asserts that she requested certain loan documents from
24 Defendant, and Defendant "failed and continues to fail to provide the requested loan
25 documents required under the Truth in Lending Act …."  Dkt. 1, Ex. A, ¶¶ 12, 13.  It appears
26 from the face of the FAC that certain of Plaintiff's state law claims are premised, at least in
27 part, on Defendant's alleged failure to disclose documents under TILA, such as her claims for:
28 violation of the duties of good faith and fair dealing (count one); unconscionability, predatory

1  lending, in violation of section 17200 (count four); and misrepresentation and fraud, in
2  violation of section 17500 (count five).  Id. ¶¶ 17, 28, 32.
3         However, the relevant case law indicates that the inclusion by Plaintiff of such
4  allegations in her state law claims does not support federal question jurisdiction.  See e.g.,
5  Fleenor v. Cmty. One Fin., 2010 WL 2889767, at *2-3 (E.D. Cal. July 21, 2010) (finding that
6  incorporation of allegations regarding TILA into a fraud and misrepresentation claim and a
7  section 17200 claim does not confer federal question jurisdiction); Carbonel v. ARA Loans and
8  Realty, Inc., 2010 WL 3219296, at *2 (N.D. Cal. Aug. 12, 2010) (the inclusion of allegations
9  regarding TILA violations in a section 17200 claim "does not create a federal question because
10 they will just shape [the] court's interpretation of the claim.") (internal quotations omitted);
11 California v. H & R Block, Inc., 2006 WL 2669045, at *4 (N.D. Cal. Sept. 18, 2006) (finding
12 that incorporation of a TILA violation into a section 17200 claim does not confer "arising
13 under" jurisdiction); Montoya v. Mortgageit Inc., 2010 WL 546891, at *3 (N.D. Cal. Feb. 10,
14 2010) ("[t]he reference to the alleged … TILA violations are not a necessary element of the §
15 17200 claim because plaintiff could prevail on that claim by showing any 'unlawful, unfair, or
16 fraudulent practice' independent of the federal law allegations."); cf., Rains v. Criterion
17 Systems, Inc., 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative
18 and independent theories - one of which is a state law theory and one of which is a federal law
19 theory - federal question jurisdiction does not attach because federal law is not a necessary
20 element of the claim.").  Put simply, this authority cast doubt on whether removal based on
21 federal question jurisdiction was proper.
22     **B.     DIVERSITY JURISDICTION**
23     As noted, Plaintiff's complaint does not specify the amount in controversy;
24 consequently, Defendant bears the burden of proving, by a preponderance of the evidence, that
25 the jurisdictional amount in controversy requirement is satisfied.  See Matheson v. Progressive
26 Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from
27 the complaint that more than $75,000 is in controversy, the removing party must prove, by a
28 preponderance of the evidence, that the amount in controversy meets the jurisdictional

1 threshold."); Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("If it is unclear what
2 amount of damages the plaintiff has sought, as is true here with regard to [plaintiff's] claim ...
3 then the defendant bears the burden of actually proving the facts to support jurisdiction,
4 including the jurisdictional amount.").

5      Here, Defendant bases its assertion that the amount in controversy exceeds $75,000 on
6 Plaintiff's original loan amount. However, Plaintiff is not seeking loan rescission. This action,
7 including the relief requested, is essentially a common law fraud action rather than a typical
8 mortgage foreclosure action. Accordingly, the amount in controversy is not properly gauged
9 by the loan amount. Based on the allegations in the FAC, the Court cannot conclude that it is
10 more likely than not that the amount in controversy exceeds the jurisdictional amount. See
11 e.g., Horace v. LaSalle Bank Nat'l Ass'n, 2009 WL 426467, at *1-2 (M.D. Ala. Feb. 17, 2009)
12 (granting plaintiff's motion to remand where the "true gravamen of [plaintiff's] complaint is
13 the unspecified amount of damages she seeks as a result of alleged negligence and fraud
14 associated with the procurement of the mortgage," and where defendant contended "that the
15 $75,000 amount-in-controversy requirement is met simply because the original value of the
16 mortgage was $283,500"); Landa v. Flagstar Bank, FSB, 2010 WL 2772629, at *2 (S.D. Cal.
17 July 13, 2010) (remanding a mortgage fraud action, which defendant had removed on diversity
18 grounds and the fact that the loan amount exceeded $75,000, where plaintiff did not seek to
19 rescind the mortgage loan, and instead sought damages in an unspecified amount under claims
20 for breach of fiduciary duty, negligence, negligent misrepresentation, intentional
21 misrepresentation, fraud, violation of section 17200, slander of title, defamation and intentional
22 infliction of emotional distress); Ortiz v. Ocwen Loan Servicing, LLC, 2009 WL 592316, at *3
23 (C.D. Cal. March 6, 2009) (in action against mortgage company for breach of oral contract
24 relating to an alleged loan modification, issuing an order to show cause as to why action should
25 not be remanded, where defendant relied on plaintiff's original $325,000 mortgage loan as
26 basis for removal, and plaintiff later submitted evidence indicating that amount in controversy
27 with respect to the loan modification was less than $75,000).
28

### III.   CONCLUSION

For the above stated reasons,

IT IS HEREBY ORDERED THAT:

1. Defendant shall show cause why the Court should not remand this action. Defendant shall respond to this Order in writing within fourteen (14) days of the date this Order is filed. Plaintiff may file a brief in opposition to Defendant's response within twenty-one (21) days of the date this Order is filed. Failure to timely respond to this Order may result in remand of this action without further notice.

2. The November 9, 2010 hearing on Defendant's Motion to Dismiss and Motion to Strike is VACATED. A new hearing date and briefing schedule for Plaintiff's reply brief will be set, if appropriate, once the jurisdictional issues addressed in this Order have been resolved.

IT IS SO ORDERED.

Dated: October 26, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge