UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARLENE GASPAR,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WACHOVIA BANK, DOE CORPORATIONS 1-10, DOES 1-10,<br><br>　　　　Defendants. | Case No: C 10-3597 SBA<br><br>**ORDER REMANDING ACTION** |

On May 24, 2010, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of the State of California, County of San Mateo, bringing the following claims against Defendant Wachovia Bank ("Defendant") arising from Plaintiff's refinancing of her home mortgage with Defendant: (1) violation of the duties of good faith and fair dealing; (2) violation of California Civil Code § 2923.5(c)(1); (3) violation of California Civil Code § 2923.6; (4) unconscionability, predatory lending, in violation of California Business and Professions Code § 17200; (5) misrepresentation and fraud, in violation of California Business and Professions Code § 17500; (6) unjust enrichment; and (7) infliction of emotional distress. See FAC, Dkt. 1, Ex. A. Plaintiff seeks the following relief: a loan modification according to her financial situation; actual and punitive damages; and attorney's fees and costs. Id. Plaintiff does not specify the amount of recovery she is seeking. Rather, she simply indicates that her demand exceeds $25,000. Dkt. 1, Ex. B.

On August 16, 2010, Defendant removed this action based on federal question jurisdiction, and alternatively, on diversity jurisdiction. See Notice of Removal, Dkt. 1 at 1-2. Specifically, Defendant asserted that Plaintiff's factual allegations regarding Defendant's violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1602(f), give rise to federal question jurisdiction under 28 U.S.C. § 1331. Id. at 3. Also, Defendant asserted that the Court

has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. Id. at 2. With respect to the amount in controversy, Defendant contended that it exceeds $75,000 because Plaintiff alleges that the amount of her refinance loan was almost the same as the amount of her original loan, which was $740,000, according to the Deed of Trust Defendant attached to its notice of removal. Id.

On September 7, 2010, Defendant filed a motion to dismiss Plaintiff's FAC and a motion to strike portions of the FAC. Dkts. 11, 12. However, as it was unclear whether removal jurisdiction was proper in this case, on October 26, 2010, the Court issued an Order to Show Cause ("OSC") as to why the Court should not remand this action. Dkt. 18. Both parties have filed timely responses to the OSC: Plaintiff argues that removal was improper, while Defendant maintains that federal question jurisdiction and diversity jurisdiction exist in this case.

## I. LEGAL STANDARD

Before deciding any issue on the merits, a district court has an independent obligation to examine its subject matter jurisdiction. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Homeloans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 533 F.3d 1241, 1244 (9th Cir. 2009). As such, any doubts regarding the propriety of a removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus, 980 F.2d at 566.

## II. ANALYSIS

### A. FEDERAL QUESTION JURISDICTION

The federal removal statute provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

1  district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).
2  "The district courts shall have original jurisdiction of all civil actions arising under the
3  Constitution, laws, or treaties of the United States." Id. § 1331.  The "arising under"
4  qualification of § 1331 confers district courts with jurisdiction to hear "[o]nly those cases in
5  which a well-pleaded complaint establishes either that [1] federal law creates the cause of
6  action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial
7  question of federal law." Armstrong v. N. Mariana Islands, 576 F.3d 950, 954-55 (9th Cir.
8  2009) (internal quotations omitted).  In other words, the federal law must be a "necessary
9  element" of the state law claim. Id.

10  Here, Plaintiff does not state a TILA claim or any other federal claim.  Of note, "the
11  plaintiff is 'the master of [her] complaint' and may 'avoid federal jurisdiction by relying
12  exclusively on state law.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).
13  Rather, in her underlying factual allegations, she asserts that she requested certain loan
14  documents from Defendant, and Defendant "failed and continues to fail to provide the
15  requested loan documents required under the Truth in Lending Act …." FAC ¶¶ 12, 13.
16  Nonetheless, "there exist a handful of extraordinary situations where even a well-pleaded state
17  law complaint will be deemed to arise under federal law for jurisdictional purposes." Hall v.
18  N. Am. Van Lines, Inc., 476 F.3d 683, 687 (9th Cir. 2007) (internal quotations and citation
19  omitted).  "Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a
20  federal question when a federal statute has completely preempted that particular area of law."
21  Id.  "The artful pleading doctrine allows removal where federal law *completely preempts* a
22  plaintiff's state-law claim." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (emphasis
23  added).

24  In response to the OSC, Defendant argues that Plaintiff's first claim – alleging breach of
25  the implied covenant of good faith and fair dealing – is an "artfully plead" federal TILA claim
26  masquerading as a state law claim.  In particular, Defendant asserts that the only breach alleged
27  in this claim is Defendant's "failure to fully disclose all material aspects of the subject loans to
28  plaintiff," and that such breach necessarily gives rise to a TILA claim. See FAC ¶ 17.

Though not cited by Defendant, the Court notes that TILA contains a limited preemption provision which preempts state law claims only to the extent they conflict with the provisions of TILA.  15 U.S.C. § 1610(a)(1).[1]  Here, Defendant does not argue or make any showing that the common law cause of action at issue is inconsistent with or otherwise completely preempted by TILA.

Nor is the Court persuaded that "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Armstrong, 576 F.3d at 955.  Defendant ignores that a state law claim may properly be predicated upon a duty created by TILA, without transmuting it into a federal claim.  See Carbonel v. ARA Loans and Realty, Inc., 2010 WL 3219296, at *2 (N.D. Cal. Aug. 12, 2010) (the inclusion of allegations regarding TILA violations in a section 17200 claim "does not create a federal question because they will just shape [the] court's interpretation of the claim") (citing Int'l Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009)); see also Fleenor v. Cmty. One Fin., 2010 WL 2889767, at *2-3 (E.D. Cal. July 21, 2010) (same).

Moreover, it is not apparent from the face of Plaintiff's FAC that her implied covenant claim is limited to her assertion that Defendant failed to disclose loan <u>documents</u> as required by TILA.  Rather, she alleges that Plaintiff "failed to fully disclose <u>all material aspects</u> of the subject loans to plaintiff."  FAC ¶ 17 (emphasis added).  Thus, Plaintiff has alleged factual grounds for her claims that reach beyond the disclosures statutorily mandated by TILA.  Where a violation of a federal statute is one of many independent allegations supporting a state law cause of action, the state law cause of action does not "necessarily turn" on the construction of the federal statute.  Rains v. Criterion Sys., Inc., 80 F.3d 339, 345-46 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not

---

[1] Section 1610(a)(1) states:  "Except as provided in subsection (e) of this section, this part and parts B and C of this subchapter do not annul, alter, or affect the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency."

attach because federal law is not a necessary element of the claim."); see also <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."). Thus, even if Plaintiff's first cause of action could be construed as referring to violations of federal law, resolution of this claim does not "necessarily turn" on the construction of federal law.

### B. DIVERSITY JURISDICTION

Jurisdiction founded on 28 U.S.C. § 1332 requires not only that the parties are diverse, but also that the amount in controversy exceeds $75,000. The parties do not dispute that they are diverse. However, as noted, Plaintiff's FAC does not specify the amount in controversy; consequently, Defendant bears the burden of proving, by a preponderance of the evidence, that the jurisdictional amount in controversy requirement is satisfied. See <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."); <u>Gaus</u>, 980 F.2d at 566-67 (9th Cir. 1992) ("If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to [plaintiff's] claim ... then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount.") (emphasis in original).

In its Notice of Removal, Defendant based its assertion that the amount in controversy exceeds $75,000 on Plaintiff's original loan amount, which was $740,000. However, Plaintiff is not seeking loan rescission. Accordingly, the amount in controversy is not properly gauged by the loan amount. Based on the allegations in the FAC, the Court cannot conclude that it is more likely than not that the amount in controversy exceeds the jurisdictional amount. See e.g., <u>Horace v. LaSalle Bank Nat'l Ass'n,</u> 2009 WL 426467, at *1-2 (M.D. Ala. Feb. 17, 2009) (granting plaintiff's motion to remand where the "true gravamen of [plaintiff's] complaint is the unspecified amount of damages she seeks as a result of alleged negligence and fraud associated with the procurement of the mortgage," and where defendant contended "that the

1  $75,000 amount-in-controversy requirement is met simply because the original value of the
2  mortgage was $283,500"); <u>Landa v. Flagstar Bank, FSB</u>, 2010 WL 2772629, at *2 (S.D. Cal.
3  July 13, 2010) (remanding a mortgage fraud action, which defendant had removed on diversity
4  grounds and the fact that the loan amount exceeded $75,000, where plaintiff did not seek to
5  rescind the mortgage loan, and instead sought damages in an unspecified amount under claims
6  for breach of fiduciary duty, negligence, negligent misrepresentation, intentional
7  misrepresentation, fraud, violation of § 17200, slander of title, defamation, and intentional
8  infliction of emotional distress).

9       In response to the OSC, Defendant asserts that the loan amount is, in fact, a proper
10 gauge of damages because Plaintiff seeks to "void" and "rescind" the loan.  In so arguing,
11 Defendant relies on allegations in Plaintiff's §17200 claim, in which she asserts that Defendant
12 engaged in predatory lending, and that the loan agreement is "unconscionable" and, as a result,
13 "is void."  FAC ¶¶ 26, 29.  However, in her <u>prayer for relief</u>, Plaintiff limits her requested relief
14 to a loan modification and actual and punitive damages.  At bottom, Plaintiff does not seek
15 rescission of the loan.

16      As a final matter, Defendant asserts, without elaboration, that Plaintiff's claim for
17 punitive damages should be "taken into consideration for purposes of determining the amount
18 in controversy."  Dkt. 19 at 4.  While "punitive damages are part of the amount in controversy
19 in a civil action," <u>Gibson v. Chrysler Corp</u>. 261 F.3d 927, 945 (9th Cir. 2001), here, neither
20 party has attempted to quantify Plaintiff's punitive damages claim.  Nor does Plaintiff set forth
21 in her FAC any statutory basis for her punitive damages claim, so as to permit the assessment
22 of potential recovery under that claim.  Therefore, it is not apparent from the face of the FAC
23 that the amount in controversy, including any potential amount of punitive damages, exceeds
24 the jurisdictional amount.  As noted, "[a] defendant attempting to remove a diversity case must
25 show by a preponderance of the evidence that the amount-in-controversy requirement is
26 satisfied."  <u>Gibson</u>, 261 F.3d at 933.  Defendant has failed to meet its burden here.  <u>See</u> <u>Gaus</u>,
27 980 F.2d at 567.
28

### III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to Superior Court for the County of San Mateo.  Defendant's motion to dismiss (Dkt. 12) and motion to strike (Dkt. 11) are DENIED as MOOT.  The Clerk shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated:  February  9, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge